IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE CITY

EARL EDWARD HOFFMAN, SR.                    *
19 Hydroplane Drive
Baltimore, Maryland 21220,                  *

and                                         *

WAYNE GERRY JR.                             *
5834 Stevens Road
White Marsh, Maryland 21162,                *                        AMD 06 CV 1 882

and                                         *

CARL W. KING                                *
9112 Simms Avenue
Baltimore, Maryland 21234,                  *

and                                         *

CHAIRESSE OSBORNE                           *
2117 Eagle Street
Baltimore, Maryland 21223,                  *

and                                         *

TINA HIMES                                  *
137 Philadelphia Avenue
Rosedale, Maryland 21237,                   *

and                                         *

YALANDA DAVIS                               *
1727 N. Pulaski Street
Baltimore, Maryland 21217,                  *

and                                         *

ROSE MARIE SANDLIN                          *
1952 Stevens Drive
Edgewood, Maryland 21040,                   *

and                                              *

RODNEY WIMBUSH                                   *
3001 Oakley Avenue, 1st Floor
Baltimore, Maryland 21215,                       *

and                                              *     CLASS/COLLECTIVE ACTION

BERNADETTE WRAGG                                 *     Case No.: _____
2838 Potee Street
Baltimore, Maryland 21225,                       *

and                                              *     JURY TRIAL DEMANDED

EVELYN V. RAYNER                                 *
302 Homberg Avenue
Baltimore, Maryland 21221,                       *

and                                              *

MELANIE WILLNER                                  *
3100 Glenmore Avenue
Baltimore, Maryland 21214,                       *

and                                              *

JANET L. CLITES                                  *
53 Moline Circle
Essex, Maryland 21221,                           *

Individually and on behalf of
all persons similarly situated,                  *

        Plaintiffs,                              *

    v.                                           *

FIRST STUDENT, INC.                              *
705 Central Avenue, Suite 300
Cincinnati, Ohio 45202,                          *

Serve on:                                          *
    CSC Lawyers Incorporating Service Co.
    11 E. Chase Street                         *
    Baltimore, Maryland 21202,
                                  *

       Defendant.
                                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, complain and allege as follows:

## I. INTRODUCTION

1.      This action arises from Defendant First Student, Inc.'s ("First Student") violations of Plaintiffs' rights under the Maryland Wages and Hours Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

2.      Plaintiffs are current and former employees of First Student, who worked as school bus drivers, drivers' attendants, and lot workers.  Plaintiffs bring this action individually and as a collective action on behalf of a class of similarly situated employees under the FLSA, 29 U.S.C. §§ 207, 216(b), to recover overtime compensation, liquidated damages or interest, and attorneys' fees and costs, for Defendant's willful failure to pay them "time and a half" for all hours worked in excess of 40 hours per week.

3.      Plaintiffs also bring claims individually and as a class action, under Maryland Rule 2-231, on behalf of other current and former employees of Defendant to recover overtime compensation, straight-time compensation, bonuses, interest, attorneys' fees and costs, and treble

damages under Maryland wage and hour laws, Md. Code Ann., Lab. & Empl. §§ 3-427 and 3-507.1.

## II. PARTIES

Plaintiffs

4.    Plaintiff Earl Hoffman resides in Baltimore, Maryland. He has worked for Defendant since approximately September 1990. Plaintiff Hoffman has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Hoffman for all straight-time hours at his promised hourly wage rate as required by the Maryland Wage Payment and Collection Act. Defendant has also failed to pay promised bonuses to Plaintiff Hoffman.

5.    Plaintiff Wayne Gerry Jr. resides in White Marsh, Maryland. He has worked for Defendant since approximately November 2000. Plaintiff Gerry has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Gerry for all straight-time hours at his promised hourly wage rate as required by the Maryland Wage Payment and Collection Act. Defendant has also failed to pay promised bonuses to Plaintiff Gerry.

6.    Plaintiff Carl W. King resides in Baltimore, Maryland. He has worked for Defendant since approximately July 1994. Plaintiff King has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff King for all straight-time hours at his promised hourly wage rate as required by the Maryland Wage Payment and Collection Act. Defendant has also failed to pay promised bonuses to Plaintiff King.

4

7.     Plaintiff Chairesse Osborne resides in Baltimore, Maryland. She has worked for Defendant since approximately November 2004. Plaintiff Osborne has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Osborne for all straight-time hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act. Defendant has also failed to pay promised bonuses to Plaintiff Osborne.

8.     Plaintiff Tina Himes resides in Rosedale, Maryland. She has worked as a  bus driver for Defendant since approximately March 2002. Plaintiff Himes has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Himes for all straight-time hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act.

9.     Plaintiff Yalanda Davis resides in Baltimore, Maryland. She has worked as a bus driver for Defendant since approximately March 2004. In addition, she worked as a bus driver for Defendant between May 2002 and September 2003. Plaintiff Davis has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Davis for all straight-time hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act. Defendant has also failed to pay promised bonuses to Plaintiff Davis.

10.     Plaintiff Rose Marie Sandlin resides in Edgewood, Maryland. She has worked as a bus driver for Defendant since approximately December 1999. Plaintiff Sandlin has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Sandlin for all straight-time

hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act. Defendant has also failed to pay promised bonuses to Plaintiff Sandlin.

11.    Plaintiff Rodney Wimbush resides in Baltimore, Maryland. He worked as an aide and lot worker for Defendant between approximately January and April 2006. Plaintiff Wimbush worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Wimbush for all straight-time hours at his promised hourly wage rate as required by the Maryland Wage Payment and Collection Act.

12.    Plaintiff Bernadette Wragg resides in Baltimore, Maryland. She has worked as a bus driver for First Student since approximately April 2002. Plaintiff Wragg has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Wragg for all straight-time hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act.

13.    Plaintiff Evelyn Rayner resides in Baltimore, Maryland. She has worked as an aide for First Student since approximately April 2000. Defendant has failed to pay Plaintiff Rayner for all straight-time hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act.

14.    Plaintiff Melanie Willner resides in Baltimore, Maryland. She has worked as a bus driver for First Student since approximately November 1997. Plaintiff Willner has worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws. In addition, Defendant failed to pay Plaintiff Willner for all straight-time

6

hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act.

15.     Plaintiff Janet Clites resides in Essex, Maryland.  She has worked as an attendant for Defendant since approximately September 2005.  Plaintiff Clites worked in excess of 40 hours per week, but received no overtime compensation as required by state and federal wage laws.  In addition, Defendant failed to pay Plaintiff Clites for all straight-time hours at her promised hourly wage rate as required by the Maryland Wage Payment and Collection Act. Defendant has also failed to pay promised bonuses to Plaintiff Clites.

16.     Pursuant to 29 U.S.C. § 216(b), all of the above-named plaintiffs who have overtime claims have consented in writing to being plaintiffs in this action.  Their consent forms are attached as Exhibit A to this Complaint.

Defendant

17.     Defendant First Student is incorporated under Florida law and is headquartered in Cincinnati, Ohio.  First Student employed plaintiffs and similarly situated persons as bus drivers, attendants, lot workers and mechanics in Baltimore City and Baltimore County.

18.     At all times relevant to this Complaint, Defendant has been an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of Plaintiffs within the meaning of the FLSA and the Maryland Wages and Hours and Maryland Wage Payment and Collection laws.

## III. STATEMENT OF FACTS

19.     First Student has contracts with the public school systems of Baltimore City and Baltimore County to transport school children to and from school and school-related events.

7

20.     First Student employs bus drivers, attendants, lot workers and mechanics, including Plaintiffs and other employees similarly situated.

21.     First Student has failed to keep accurate records of all hours worked by Plaintiffs, as required by state and federal law.

22.     Rather than keeping accurate time records as required by state and federal law, First Student pays Plaintiffs and other similarly situated employees based on the company's estimate of the time required to perform the job, not the actual time worked.

23.     First Student has failed to compensate Plaintiffs for all hours worked.  Even when Plaintiffs have requested that First Student pay them for all hours worked, First Student has often refused to pay them their lawful wages.

24.     For example, First Student has failed to pay Plaintiffs for the time required to conduct required inspections of their buses, to complete required paperwork, to wait for students to be released from school, to warm up their buses in cold weather, to transport their children safely in congested traffic or bad weather, and to wait to park their buses in the lot and perform other work-related functions.

25.     When Plaintiffs' route requires more time than estimated by the company, First Student requires Plaintiffs to submit an Exception Time Request.  Even when Plaintiffs have submitted Exception Time Requests documenting that their route took longer than the company's estimate, First Student has often denied Plaintiffs their wages for all hours worked. Consequently, Plaintiffs and other employees similarly situated do not always submit Exception Time Requests because they believe it would be futile to do so.

26.    Some bus drivers and other similarly situated employees perform charter work, most of which involves transporting school children for school-related events, such as field trips and athletic events. First Student has misclassified these charter trips as "exempt" from overtime pay.

27.    Plaintiffs' principal work activities, including charter work, are conducted intrastate within the State of Maryland. Infrequently, some bus drivers cross state lines into states bordering Maryland when performing charter work.

28.    The transportation of school children to school and school related events is not exempt from the overtime provisions of the FLSA or Maryland law. The Motor Carrier Act ("MCA") exemption, on which First Student purportedly relies in part to justify its failure to pay overtime, explicitly states that the Motor Carrier Act exemption does not apply to the transportation of school children and teachers. 49 U.S.C. § 13506(a)(1). Plaintiffs are therefore covered by the overtime requirements of the FLSA and Maryland law, both of which provide that all hours worked in excess of 40 hours per week are "overtime" hours, payable at a rate of one and one-half times the regular hourly rate.

29.    First Student has told various Plaintiffs and similarly situated employees that it cannot pay overtime because Plaintiffs are "part-time" workers or because First Student did not have adequate money in the budget to pay overtime. Neither of these excuses permit First Student to deny Plaintiffs their right to overtime pay under state and federal law.

30.    Defendant has failed to pay Plaintiffs in full for all overtime work, compensation to which they are entitled under state and federal law.

31.     Defendant's denial of overtime compensation to Plaintiffs and other similarly situated employees is, and has been, willful and deliberate.

32.     Defendant has also failed to pay Plaintiffs and similarly situated employees for all hours worked at their promised regular hourly rate for non-overtime hours, as required by the Maryland Wage Payment and Collection Act.

33.     First Student has promised Plaintiffs and other similarly situated employees that they will be paid certain monthly and yearly safety and attendance bonuses pursuant to the Performance Plus Bonus plan. First Student has failed to pay Plaintiffs these promised bonuses, even when Plaintiffs have satisfied the eligibility criteria, in violation of the Maryland Wage Payment and Collection Act.

## IV. CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

34.     Plaintiffs bring this action as a class action pursuant to Maryland Rule 2-231 on behalf of themselves and a class of all other persons who are employed or have been employed by Defendant in Baltimore City or Baltimore County, Maryland at any time since May 16, 2003, who have not been paid their promised hourly rate for all hours worked under 40 hours per week, who have not been paid overtime for all hours that exceed 40 per week, and/or who have not been paid promised safety and attendance bonuses.

35.     The potential members of the class are so numerous that joinder of all members of the class is impracticable. Plaintiffs believe that the number of prospective plaintiffs exceeds 300.

36.     Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this case.

37.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the class, including whether First Student has violated and continues to violate the Maryland Wage Payment and Collection Act.

38.     Plaintiffs' claims are typical of the claims of the Class Members.

39.     Class certification is appropriate under Maryland Rule 2-231 because questions of law and fact common to the class predominate over any questions affecting only individual members of the class.

## V. COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated to Plaintiffs with regard to their claims for unpaid wages and damages, in that they have been denied proper overtime compensation at some point during the 3 years prior to the filing of this complaint.

41.     Plaintiffs Gerry, King, Osborne, Hoffman, Himes, Davis, Sandlin, Wimbush, Wragg, Willner, and Clites are representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. These similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be

11

notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose

of collectively adjudicating their claims for overtime compensation, liquidated damages (or,

alternatively, interest), and attorneys' fees and costs under the FLSA.

### COUNT I

### MARYLAND WAGES AND HOURS LAW
#### (Denial of Overtime Compensation under Maryland Law)

42.     Plaintiffs Hoffman, Gerry, King, Osborne, Himes, Davis, Sandlin, Wimbush,

Wragg, Willner and Clites, on behalf of themselves and all prospective members of the

Maryland Overtime Subclass, repeat and incorporate by reference the allegations set forth above.

43.     First Student failed to maintain records of all hours worked and pay Plaintiffs an

overtime wage of at least one and one-half times their usual hourly wage for each hour in excess

of 40 hours per week, in violation of Md. Code Ann., Labor & Empl. § 3-415(a).

44.     First Student is liable to the Maryland Overtime Subclass pursuant to Section 3-

427(a) & (d) of the Maryland Wages and Hours Law for their unpaid overtime compensation,

plus interest, costs, reasonable attorneys' fees, and any other relief deemed appropriate by the

court.

### COUNT II

### MARYLAND WAGE PAYMENT AND COLLECTION ACT
#### (Failure to Pay Promised Wage for All Hours Worked)

45.     All named Plaintiffs, on behalf of themselves and all prospective members of the

Maryland Promised Wage Subclass, repeat and incorporate by reference the allegations set forth

above.

12

46.     Pursuant to Md. Code Ann., Lab. & Empl. §§ 3-502 and 504, employers such as First Student must give notice of the regular rate of pay and pay that promised rate for all hours worked in every pay period.

47.     First Student has failed to maintain accurate time records and pay to the Maryland Promised Wage Subclass their promised wage rate for all hours worked.

48.     By failing to compensate Plaintiffs at their promised wage rate for all hours worked, First Student has made unlawful deductions from Plaintiffs' pay in violation of Md. Code Ann., Lab. & Empl. § 3-503.

49.     Defendant failed to pay the Maryland Promised Wage Subclass their wages willfully and in bad faith and not as a result of a bona fide dispute.

50.     Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1, Plaintiffs seek their unpaid wages, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

**COUNT III**

**MARYLAND WAGES AND HOURS LAW**
**(Failure to Pay Promised Bonuses)**

51.     Plaintiffs Hoffman, Gerry, King, Osborne, Davis, Sandlin, and Clites, on behalf of themselves and all prospective members of the Maryland Bonus Subclass, repeat and incorporate the allegations set forth above.

52.     First Student has promised to pay Plaintiffs monthly and yearly safety and attendance bonuses pursuant to the Performance Plus Bonus plan. First Student failed to pay bonuses to the Maryland Bonus Subclass as promised.

53.     By failing to compensate Plaintiffs their promised attendance and security bonuses, Defendant has violated the Maryland Wage Payment and Collection Act, Md. Code Ann., Lab. & Empl. § 3-501.

54.     Defendant failed to pay the Maryland Bonus Subclass their bonuses willfully and in bad faith and not as a result of a bona fide dispute.

55.     Pursuant to Md. Code Ann., Lab. & Empl. § 3-507.1, Plaintiffs seek their unpaid bonuses, treble damages, interest, reasonable counsel fees and costs, and any other relief deemed appropriate by the court.

### COUNT IV

### FAIR LABOR STANDARDS ACT
**(Denial of Overtime Compensation under Federal Law)**

56.     Plaintiffs Hoffman, Gerry, King, Osborne, Himes, Davis, Sandlin, Wimbush, Wragg, Willner, and Clites, on behalf of themselves and all prospective members of the FLSA Subclass, repeat and incorporate by reference the allegations set forth above.

57.     Defendant violated the FLSA by knowingly failing to maintain records of all hours worked and knowingly failing to compensate Plaintiffs at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

58.     Defendant's actions were willful.

59.     Defendant is liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the court.

14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this court:

a.      Enter a declaratory judgment that Defendant violated Plaintiffs' rights under the

FLSA, the Maryland Wages and Hours Law, and Maryland Wage Payment and Collection Act;

b.      Enjoin Defendant to comply with all applicable federal and state wage laws;

c.      Award to each Plaintiff his or her unpaid overtime wages plus liquidated damages

as required by the FLSA;

d.      Award to each Plaintiff his or her unpaid wages and bonuses plus treble damages

under Maryland law;

e.      Award to Plaintiffs their costs and attorneys' fees incurred in this action, as

provided in 29 U.S.C. § 216(b), Md. Code Ann., Labor & Empl. § 3-427(d); and Md. Code Ann.,

Labor & Empl. § 3-507.1; and

f.      Grant such other and further relief as the court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Deborah Thompson Eisenberg
C. Christopher Brown
Sharon Krevor-Weisbaum
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202-6701
Phone: (410) 962-1030
Facsimile: (410) 385-0869

*Attorneys for Plaintiffs*

Date: June 15, 2006

15

**Circuit Court for** _Baltimore City_

_____
City or County

## CIVIL–NON-DOMESTIC CASE INFORMATION REPORT

_Directions:_

    Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.

    Defendant: You must file an Information Report as required by Rule 2-323(h).

    **THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE**

FORM FILED BY: ☑ PLAINTIFF ☐ DEFENDANT      CASE NUMBER: _____ (Clerk to insert)

CASE NAME: Earl Edward Hoffman, Sr., et al.    v    First Student, Inc.

JURY DEMAND: ☑ Yes ☐ No    Anticipated length of trial: _____ hours or _10_ days
RELATED CASE PENDING? ☐ Yes ☑ No    If yes, Case #(s), if known: _____

Special Requirements? ☐    Interpreter/communication impairment    Which language _____
(Attach Form 1-332 if Accommodation or Interpreter Needed)    Which dialect _____
     ☐    ADA accommodation: _____

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF |
|---|---|---|
| **TORTS** <br> ☐ Motor Tort <br> ☐ Premises Liability <br> ☐ Assault & Battery <br> ☐ Product Liability <br> ☐ Professional Malpractice <br> ☐ Wrongful Death <br> ☐ Business & Commercial <br> ☐ Libel & Slander <br> ☐ False Arrest/Imprisonment <br> ☐ Nuisance <br> ☐ Toxic Torts <br> ☐ Fraud <br> ☐ Malicious Prosecution <br> ☐ Lead Paint <br> ☐ Asbestos <br> ☐ Other _____ | **LABOR** <br> ☐ Workers' Comp. <br> ☐ Wrongful Discharge <br> ☐ EEO <br> ☐ Other Wages & Overtime <br> **CONTRACTS** <br> ☐ Insurance <br> ☐ Confessed Judgment <br> ☐ Other <br> **REAL PROPERTY** <br> ☐ Judicial Sale <br> ☐ Condemnation <br> ☐ Landlord Tenant <br> ☐ Other <br> **OTHER** <br> ☐ Civil Rights <br> ☐ Environmental <br> ☐ ADA <br> ☑ Other CLASS ACTION | **A. TORTS** <br> **Actual Damages** <br> ☐ Under $7,500   ☐ Medical Bills <br> ☐ $7,500 - $50,000   $_____ <br> ☐ $50,000 - $100,000   ☐ Property Damages <br> ☐ Over $100,000   $_____ <br>    ☐ Wage Loss <br>    $_____ <br><br> **B. CONTRACTS**    **C. NONMONETARY** <br> ☐ Under $10,000   ☑ Declaratory Judgment <br> ☐ $10,000 - $20,000   ☐ Injunction <br> ☐ Over $20,000   ☐ Other _____ |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**

Is this case appropriate for referral to an ADR process under Md. Rule 17-1019 (Check all that apply)
A. Mediation ☑ Yes ☐ No    C. Settlement Conference ☑ Yes ☐ No
B. Arbitration ☑ Yes ☐ No    D. Neutral Evaluation ☑ Yes ☐ No

**TRACK REQUEST**

With the exception of Baltimore County and Baltimore City, please fill in the estimated _LENGTH OF TRIAL._ THIS CASE WILL THEN BE TRACKED ACCORDINGLY.
   ☐ ½ day of trial or less      ☐ 3 days of trial time
   ☐ 1 day of trial time      ☐ More than 3 days of trial time
   ☐ 2 days of trial time

**PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY.**

Date 6/15/06      Signature _Deborah P. Pizenberg_

# BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months of
Defendant's response

☐
**Standard**
Trial - 18 months of
Defendant's response

☐ **EMERGENCY RELIEF REQUESTED** _____

_____   _____
Signature                        Date

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE COUNTY, BALTIMORE CITY, OR PRINCE GEORGE'S COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

## CIRCUIT COURT FOR BALTIMORE CITY (check only one)

☐ Expedited — Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short — Trial seven months from Defendant's response. Includes torts with actual damages up to $7,500; contract claims up to $20,000; condemnations; injunctions and declaratory judgments.

☐ Standard-Medium — Trial 12 months from Defendant's response. Includes torts with actual damages over $7,500 and under $50,000, and contract claims over $20,000.

☑ Standard-Complex — Trial 18 months from Defendant's response. Includes complex cases requiring prolonged discovery with actual damages in excess of $50,000.

☐ Lead Paint — Fill in: Birthdate of youngest plaintiff _____.

☐ Asbestos — Events and deadlines set by individual judge.

☐ Protracted Cases — Complex cases designated by the Administrative Judge.

## CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is *not* an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.
☐ Liability is not conceded, but is not seriously in dispute.
☐ Liability is seriously in dispute.

## CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited
(Trial Date-90 days) — Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard
(Trial Date-240 days) — Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, Intentional Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard
(Trial Date-365 days) — Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex
(Trial Date-450 days) — Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.