**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

EARL EDWARD HOFFMAN, SR., *et al.*,          *

           Plaintiffs,          *

    v.          *          Case No. 1:06-cv-01882-WDQ

FIRST STUDENT, INC.,          *

           Defendant.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION TO APPROVE CLASS-WIDE SETTLEMENT**

Plaintiffs and defendant have entered into the attached Settlement Agreement. [Ex. A] The parties move the court to approve the class-wide settlement. Prior to final approval, a hearing date should be set at which class members may come and object. The Court should now set this date and approve a Notice to be sent to class members.

This case has presented a dispute between a state and a federal class of school bus drivers, aides, and other workers ("Employees") who contend that defendant First Student ("Employer") failed to pay them specified straight and overtime wages for periods dating back to at least June 2003. Plaintiffs' legal claims rest upon the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and comparable state law, the Maryland Wage & Hour Law, Md. Code Ann, Lab. & Empl., §§ 3-401, *et seq.* and the Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl., §§ 3-501, *et seq.*

The federal opt-in class of about 100 plaintiffs sought overtime pay and a penalty amount under the FLSA. The state class of former employees comprises the rest of the federal class members and about 650 additional former drivers, aides, dispatchers and other First Student

workers.  This class sought unpaid straight-time compensation and safety and attendance bonuses.

The case law requires FLSA cases to be settled only under the court's purview.  These claims may be settled by private parties with approval of the court if the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  In addition, this Court must confirm also that "there has been no abuse of the class action device and no prejudice to absent punitive class members."  *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1305 (4th Cir. 1978).

In exchange for releasing their claims against First Student, plaintiffs will receive from First Student $1.55 million, inclusive of attorney fees and expenses.  The parties have also agreed that any unclaimed settlement funds will be donated to the Children's Miracle Network. The parties also agree that taxes will be withheld on half of the payment made to each plaintiff and 1099 forms will be issued for the remaining half, which constitutes non-wage income. [Ex. A]

A.      The Damages to be Awarded Are "Fair and Reasonable"

What constitutes a "fair and reasonable" settlement should, in many ways, be judged by what equal-arms bargaining produces.  In this prolonged and complex case, competent counsel have negotiated a compromise that seems fair to counsel as well as to the lead plaintiffs. From plaintiffs' perspective, what would result from a jury trial was most uncertain.  They feel that they traded off the risk of nonsuccess and are satisfied to have a recovery that is almost in their pockets.

Although calculating liability and damages is no science, plaintiffs had several claims that–from their viewpoint--might not have prevailed.  Adding to the uncertainty were several

claims that, if established, presented the possibility of double or treble damages.  The discretionary aspects of this remedy made a "precisely calculated" settlement most difficult.

Plaintiffs' counsel in April 2009 sent a settlement demand to First Student's counsel in which they spelled out their estimate of how a jury would rule.  [Ex. B]  Plaintiffs calculated this total (not including attorney fees) as about $1.7 million. Attorney fees at the time were about $600 thousand.  Thus, the full settlement offer was valued at about $2.3 million.  First Student then offered to settle, but for $1.0 million.  After several months the parties arrived at the final $1.55 million figure.

This is a fair and reasonable result.  It reflects a compromise by both sides.  It was arrived at through equal-arms bargaining.  *See* Brown Declaration ¶¶ 4 & 15.  [Ex. C]  Magistrate Judge Gesner's oversight in the mediation process helps establish the reasonableness of the settlement. Indeed, she encouraged the outcome and reduced the oral agreement to handwriting.  *See* Judge Gesner's handwritten agreement.  [Ex. D]

B.      Counsel Should be Reimbursed for Litigation Expenses

The FLSA requires defendants to pay a prevailing party "the costs of the action." 29 U.S.C. § 216(b).  Furthermore, those opt-in plaintiffs who signed a representation agreement with counsel agreed that they must reimburse counsel for "any expenses and costs incurred." *See, e.g.,* Ex. E [Savage Agreement].

To date these expenses amount to $52,000.  About $46,000 of these expenses were for research, copy services, mediation services, deposition transcripts, and experts.  It is anticipated that the future expenses of identifying beneficiaries and making payouts will total $7,250.  These expenses were necessary and reasonably incurred.  They were incurred in the reasonable course of business.  *See* Brown Decl. ¶¶ 10 & 11.  [Ex. C]

C.      Counsel Should Receive Reasonable Attorneys' Fees

The Agreements for Legal Services entered into by the lead, opt-in class members provided that counsel for prevailing parties receive the greater of (a) what is "reasonable compensation" for their professional services or (b) one third of the total recovery.  *See* Savage Agreement.  [Ex. E]

With respect to the first option, the FLSA provides that the court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  29 U.S.C. § 216(b).  Unlike other fee shifting statutes that give the court discretion whether to award a fee to the prevailing party, under the FLSA the award is mandatory.  *See Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).  At current billable rates the lodestar figure for plaintiffs' fees exceed $685,000.  This represents over 2900 hours of work since April 2006 by plaintiffs' lawyers, law clerks, and paralegals.  *See* Brown Decl. ¶ 12.

As noted above, plaintiffs' counsel obtained for plaintiffs excellent results.  In determining a reasonable attorneys' fee, "the most critical factor is the degree of success obtained" and that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."  *Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983).

Although plaintiffs' counsel could claim this greater, lodestar  amount, they seek only to recover under the second option: one third of the recovery.  This should entitle them to about $500,000 for the attorney's fee award.

D.      The Seven Plaintiff Leaders Should be Awarded a Supplement

Plaintiffs request that the court approve of "service payments" to the following named plaintiffs: Earl Hoffman, Wayne Gerry, Melanie Willner, Carl King, Tina Himes, Rose Marie

4

Sandlin, and Yolanda Davis.  Plaintiffs propose that each of these plaintiffs receive a payment of $3,000 that is independent of the back-pay and damages award that each will receive.

These opt-in plaintiffs were present at the beginning of this three-and-one-half-year journey.  They played a key role in commencing this suit.  They also spent significant time and energy providing information to their counsel regarding the factual back drop they faced.  They explained to counsel the nature of their work and that of their fellow employees, their hours worked, and First Student's pay practices. Starting in April 2006 they met with their counsel to explain the facts.  This led to the drafting of plaintiffs' complaint.  Their explanations of the facts proved to be accurate and reliable.  *See* Brown Decl. ¶¶ 5 & 6.

They participated in the mediation efforts that were undertaken in December 2007.  Four were deposed by First Student (Gerry, Hoffman, Willner and King).  Each of them was well prepared for the deposition and displayed the potential to be an excellent witness at trial.

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement.  *Staton v. Boeing Co.*, 327 F. 3d 938, 977 (9th Cir. 2003).  Because they provide an incentive to bring important cases that have a broad impact benefitting a class of individuals, not just the plaintiff, service or incentive payments constitute "an essential ingredient of any class action."  *Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998).  These payments also recognize each plaintiff's time, effort, and inconvenience.  Furthermore, these payments compensate plaintiffs for the risk they expose themselves to in asserting their rights in an often public and powerful manner.

Courts routinely approve incentive awards to compensate representative plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.

*See, e.g., Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (awarding incentive awards ranging from $35,000 to $50,000 and citing cases); *Cook v. Niedert*, 142 F.3d at 1016 (granting request for $25,000 incentive award).

Plaintiffs have earned the right to incentive payments.  Each of these seven plaintiffs should receive a $3,000 extra payment.

E.   Conclusion

A fair distribution of the $1.55 million settlement, therefore, should be as follows:

| | | | |
|---|---|---|---|
| Received: | | | $1,550,000 |
| Disbursed: | | | |
| Expenses: | | | |
| | (to Brown, Goldstein & Levy, LLP) | $59,250 | $1,490,750 |
| Attorneys Fees (1/3) | (Brown, Goldstein & Levy, LLP) | $496,916 | $993,834 |
| | (to Plaintiffs 2/3) | $993,834 | -0- |

Respectfully submitted,

| | |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Joseph P. Harkins, Esq., Fed. Bar No. 14007 | C. Christopher Brown, Fed. Bar No. 01043 |
| jharkins@littler.com | ccb@browngold.com |
| Littler Mendelson | BROWN, GOLDSTEIN & LEVY, LLP |
| 1150 17th Street, N.W., Suite 900 | 120 E. Baltimore St., Suite 1700 |
| Washington, DC 20036 | Baltimore, Maryland  21202 |
| | |
| *Attorneys for Defendant* | *Attorneys for Plaintiffs* |