# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| EARL EDWARD HOFFMAN, SR., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 1:06-cv-01882-WDQ |
| FIRST STUDENT, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DECLARATION OF CHRISTOPHER BROWN

1. I am a competent adult who states the following based upon personal knowledge or opinion.

2. I have supervised for plaintiffs the litigation of *Hoffman v. First Student*. I am familiar with nearly all aspects of the case.

3. Attached to the parties' motion is a true copy of their Settlement Agreement. It was agreed to by all parties under the watchful eye of Magistrate Judge Beth Gesner, who reduced the oral agreement to writing.

4. I have been the primary negotiator for plaintiffs in settlement talks with defense counsel. In this capacity I have evaluated plaintiffs' claims.

5. Opt-in plaintiffs Hoffman, Gerry, Willner, King, Himes, Sandlin, and Davis were present at the beginning of this three-and-one-half-year journey. They played a key role in commencing this suit. They also spent significant time and energy providing information to their counsel regarding the factual back drop they faced. They explained to counsel the nature of their work and that of their fellow employees, their hours worked, and First Student's pay practices.

Starting in April 2006 they met with their counsel to explain the facts. This led to the drafting of plaintiffs' complaint. Their explanations of the facts proved to be accurate and reliable.

6. They participated in the mediation efforts that were undertaken in December 2007. Four were deposed by First Student (Gerry, Hoffman, Willner and King). Each was well prepared for the deposition and displayed the potential to be a credible witness at trial.

7. Plaintiffs' counsel have not overworked the case. We began working on it in April 2006, over three and a half years ago. Significant time has been expended in discovery and attempts to settle. Much time has gone into damage calculation for the many affected class members.

8. Many hours have been necessitated due to the large number of class plaintiffs covered by the case. About 100 persons have formally opted in to the FLSA class. About 650 more workers comprise the state-law class.

9. I have reviewed the list of past expenses incurred by plaintiffs in this case. It totals about $52,000, which is not unreasonable considering the nature of the case.

10. The categories of litigation expenses were: copy services ($22,000), deposition transcripts ($9,900), experts ($6,000), mediation services ($5,600), and research ($3,300).

11. Plaintiffs estimate that they will spend about $7,250 in the future process of calculating and distributing each class member's share.

12. Plaintiffs' attorneys have expended over $685,000 in attorney time on this case. This figure has been generated in the normal course of business by Brown, Goldstein & Levy's billing system. This line-by-line itemization consumes 124 pages of print out. It represents over 2900 hours worked.

13.     For a case as complicated as this, being compensated on a one-third contingency basis is reasonable. Many lawyers charge 40 percent for representation in complex contingent cases. This helps to offset the risk of zero recovery should plaintiffs lose.

14.     Plaintiffs' counsel were opposed by highly qualified and competent attorneys for defendants. They pushed back at all issues raised by plaintiffs and carefully sought to minimize their damages exposure.

15.     In my opinion the settlement amount achieved by plaintiffs ($1,550,000) was fair and reasonable. Each side made concessions that enabled the parties to reach a fair agreement.

I affirm under penalty of perjury that the foregoing is true and correct.

Date: 1-11-10

_Christopher Brown_
Christopher Brown

3