```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
EARL EDWARD HOFFMAN, SR.,       *
et al.
                                *
      Plaintiffs,
                                *
           v.                        CIVIL NO.:  WDQ-06-1882
                                *
FIRST STUDENT, INC.,
                                *
      Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

A class of more than 750 school bus drivers, aides, and others sued First Student for violating the Fair Labor Standards Act ("FLSA")[1] and comparable Maryland labor laws[2] by failing to pay straight and overtime wages from June 2003. Pending is the parties' joint motion to approve the class-wide settlement. For the following reasons, the proposed settlement will be approved.

I.  Background

The Plaintiffs alleged that, when calculating overtime, First Student did not aggregate time appropriately; e.g., an employee who drove a bus for 30 hours and trained other drivers

---

[1] 29 U.S.C. §§ 201 *et seq.*

[2] Maryland Wage & Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*; Maryland Wage Payment & Collection Act, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*

for 20 hours in a week only received pay for 50-hours with no overtime. Paper No. 80 at 2. The Plaintiffs also alleged that First Student failed to pay overtime to charter drivers and the safety and attendance bonuses, and provided inadequate pay for non-driving tasks. *Id.*

The Court certified the Plaintiffs' FLSA claims as a collective action, Paper No. 33, and certified the Maryland labor claims as a class action under Fed. R. Civ. P. 23, Paper No. 81. On January 6, 2010, the parties notified this Court that they had reached a proposed settlement. *Id.* Under the terms of that settlement, the Plaintiffs would receive $1.55 million (inclusive of attorneys' fees and expenses) in exchange for releasing their claims against First Student. Paper No. 107, Ex. A ¶ 9.[3] From that award, Plaintiffs' counsel seeks $497,666 in attorneys' fees and $57,000 in litigation expenses. *Id.* ¶ 11(g). The proposed settlement also awards the seven lead plaintiffs a supplemental "service payment" of $3,000 to compensate for time spent meeting with counsel to explain their work and First Student's pay practices. *Id.* at 5.

On January 27, 2010, the parties filed a joint motion to approve the class-wide settlement. Paper No. 107. On January 28, 2010, the Court (1) preliminarily approved the proposed

---

[3] Unclaimed funds will be donated to the Children's Miracle Network. Paper No. 107 at 2.

settlement, (2) approved the Notice of Proposed Settlement and ordered that it be sent to all class members by first-class mail, and (3) scheduled a fairness hearing to allow any class member to object to the settlement or opt out of the class. Paper No. 108. On March 19, 2010 at 2:00pm, the Court held the fairness hearing.

II. Analysis

    A. Standards of Review

        1. Rule 23(e)

Before approving a settlement in a certified class action, the court must evaluate its procedural and substantive fairness. Fed. R. Civ. P. 23(e). To ensure procedural fairness, Rule 23(e) requires: (1) court-approved notice to all class members bound by the proposed settlement, (2) a hearing to determine whether the proposal is "fair, reasonable, and adequate," (3) the parties' statement specifying their agreement, and (4) an opportunity for class members to object. *Id*.[4] "The primary concern addressed by Rule 23(e) is the protection of class members whose rights might not have been given adequate

---

[4] The court may refuse approval if a proposed settlement does not allow individual class members to request exclusion, even if class members had and declined an earlier opportunity for exclusion. Fed. R. Civ. P. 23(e)(5). An objection may be withdrawn only with leave of court. *Id*. This proposed settlement does contain an "opt-out" provision for prospective beneficiaries. Paper No. 107, Ex. 3 ¶ 16.

consideration during the settlement negotiations." *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991).

There is a "strong presumption in favor of finding a settlement fair." *Lomascolo v. Parsons Brinkerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (internal quotation omitted).[5] Because a settlement hearing is not a trial, the court's role is more "balancing of likelihoods rather than an actual determination of the facts and law in passing upon . . . the proposed settlement." *Id.* at 1173.

### 2. FLSA Collective Actions

FLSA settlements also must be approved by the court. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Although "the Fourth Circuit has not directly addressed the factors to consider in determining whether an [FLSA class settlement] . . . is fair and reasonable, various federal courts have analogized to the fairness factors generally

---

[5] To determine whether the proposed terms are reasonable, adequate, and fair, the court should consider (1) the extent of discovery that has occurred; (2) the stage of proceedings, including the complexity, expense and likely duration of litigation; (3) evidence of bad faith or collusion in the settlement; (4) the experience of plaintiffs' counsel; (5) the opinions of class counsel and class members after receiving notice of the settlement--expressed directly or through failure to object; and (6) the plaintiffs' probability of success on the merits and the amount of settlement compared with the potential recovery. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975); *see also Jiffy Lube*, 927 F.2d at 158-59; *Lomascolo*, 2009 WL 3094955 at *11.

considered for court approval of class action settlements" under Rule 23(e). *See Lomascolo*, 2009 WL 3094955 at *11. At the least, the Court must confirm that the collective action device has not been abused and that the absent putative class members will not suffer prejudice under the proposed settlement. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1306 (4th Cir. 1978).

    B.    Fairness of the Settlement Agreement

        1.    Procedural Fairness

As required by Rule 23(e), Plaintiffs' counsel sent court-approved Notice of Proposed Settlement and the Class Member Information Form to all class members, Paper No. 110,[6] and filed the settlement agreement and memorandum describing it, Paper No. 107. On March 19, 2010, the Court held a fairness hearing; one class member, Ms. Leslie Langley, who had considered objecting, appeared to state her support for the proposed settlement. No other class member objected to the proposal, and no class member opted out of the class. Paper No. 110 ¶¶ 2-3. As the parties have complied with Rule 23(e), the proposed settlement meets the procedural requirements for fairness.

---

[6] The Plaintiffs' counsel were unable to reach 57 of the more than 750 class members because of the lack of addresses. Paper No. 110 ¶ 5. At the hearing, Plaintiffs' counsel represented that the number of unreached class members was between 20 and 30.

2.  Substantive Fairness

   a.  Damage Award is "Reasonable, Adequate, and Fair"

The record shows that (1) there has been extensive discovery, assuring sufficient development of the facts to permit an accurate assessment of the merits of the case; (2) shortly before this case was referred for settlement negotiations, the Court's decision on the cross-motions for summary judgment clarified the issues for trial; (3) there is no evidence of bad faith or collusion in the settlement; (4) the Court previously found that the Plaintiffs' counsel would adequately represent the class;[7] (5) no class member has objected to the proposed settlement[8] and the parties' counsel attest to the fairness of this proposal in their joint motion to approve the class-wide settlement;[9] and (6) the Plaintiffs estimated their claims to be worth about $2.3 million but were "uncertain" what would result from a jury trial and thus have "traded off the risk of nonsuccess" for certain, immediate recovery.[10]

---

[7] Paper No. 80 at 10 (evaluating competence of counsel to represent the plaintiffs for purposes of class certification).

[8] Paper No. 110 ¶ 3.

[9] Paper No. 107 at 2.

[10] Paper No. 107 at 2-3.

Accordingly, the proposed settlement terms appear to be reasonable, adequate, and fair.

                    b.    Litigation Expenses & Attorneys' Fees

If requested by the prevailing plaintiff in an FLSA case, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant[] and the cost of the action." 29 U.S.C. § 216(b). The Agreement for Legal Services entered by the lead class members also provided that counsel for the prevailing parties would receive the greater of (a) "reasonable compensation" plus expenses and costs for their services or (b) one-third of the total recovery. Paper No. 107, Ex. 10 ¶ 4.

The Plaintiffs have estimated their litigation expenses at $59,250[11] and their legal fees at $685,000 for over 2,900 hours of work since this case began in April 2006. Paper No. 107 at 4. The Plaintiffs' counsel is seeking to recover, under the second option of the Agreement, approximately $500,000 in costs and attorneys' fees. *Id.* Under the FLSA and the terms of the lead class members' Agreement with counsel, Plaintiffs' counsel may recover one-third of the damages award. Because this amount appropriately reflects the time spent and expenses incurred by

---

[11] Though the Settlement Agreement estimates Plaintiffs' costs at $57,000, Plaintiffs' counsel represented at the March 19, 2010 hearing that final litigation expenses were actually $59,250.

Plaintiffs' counsel in this litigation, the fees and costs requested are reasonable and appropriate.

                c.     Supplemental Award to the Seven Lead Plaintiffs

As part of a class action settlement, "named plaintiffs . . . are eligible for reasonable incentive payments." *Stanton v. Boeign Co.*, 327 F.3d 938, 977 (9th Cir. 2003).[12] To determine whether an incentive payment is warranted, the court should consider "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook*, 142 F.3d at 1016.

The proposed settlement awards a $3,000 "service payment," which is independent of the back-pay and damages awarded, to Earl Hoffman, Wayne Gerry, Melanie Willner, Carl King, Tina Himes, Rose Marie Sandlin, and Yolanda Davis--the seven "lead" plaintiffs in this class/collective action. Paper 107 at 4-5. This payment is intended to compensate them for their (1) time spent providing counsel with information needed to pursue this litigation, (2) participation in the December 2007 mediation, and (3) time spent in--and preparing for--depositions by First

---

[12] "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998).

Student. *Id.* at 5. Because a $3,000 award is commensurate with the effort expended by the named plaintiffs and a substantial award benefitting all class members was obtained, the incentive payment is appropriate.

III. Conclusion

For the reasons stated above, the joint motion to approve the class-wide settlement will be granted.

_3/23/10_  
Date

_/s/ William D. Quarles_  
William D. Quarles, Jr.  
United States District Judge