# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EARL EDWARD HOFFMAN, SR., *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: 1:06-cv-01882-WDQ |
| FIRST STUDENT, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## PROPOSED ORDER OF FINAL SETTLEMENT APPROVAL AND OF DISMISSAL WITH PREJUDICE

WHEREAS, on January 28, 2010, the Court entered its Order of Preliminary Approval (the "Preliminary Order"); and

WHEREAS, individual notice complying with Fed. R. Civ. P. 23 was sent to the last-known address of each reasonably identifiable member of the Settlement Class, and follow-up procedures outlined in the Settlement Agreement dated January 20, 2010 ("Settlement Agreement") and approved by the Preliminary Order have been completed; and

WHEREAS, counsel for the parties have reported that there have been no timely requests for exclusion from the Settlement Class ~~except from the individuals listed on Exhibit 1 attached;~~ and

WHEREAS, a hearing on final approval of the settlement was held before the Court on March 19, 2010; and

WHEREAS, ~~[INCLUDE IF APPLICABLE:~~ only one objection was made and withdrawn ~~no objections to the settlement were made~~ by any member of the Settlement Class, now, therefore~~]~~; and

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below



Order,

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement, previously filed with this Court.

2. The Court finds that notice to the Settlement Class has been completed in conformity with the Order of Preliminary Approval. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

3. The settlement of this class and collective action on the terms set forth in the Settlement Agreement is approved as being fair, adequate and reasonable in light of the degree of recovery obtained in relation to the significant risks faced by the Settlement Class in litigating the claims. The Settlement Class is properly certified as a class as part of this settlement. The relief with respect to the Settlement Class is appropriate, as to the individual members of the Settlement Class and as a whole.

4. The settlement is binding on all members of the Settlement Class, ~~with the exception only of those individuals listed on Exhibit 1 attached~~. The Settlement Class is defined as: All First Student bus drivers, aides, lot workers, and other employees who have opted into this action, and all individuals who worked for First Student in such positions (or substantially similar successor positions) in Maryland during the Class Period. The "Class Period" is defined variously as follows: (1) three years retrospectively from the Class Member's opt-in date (the date the Class Member's executed consent to join was filed with the Court) through the date of preliminary settlement approval for Class Members who opted into the action; and (2) June 15,

2003 through the date of preliminary settlement approval for drivers, aides, lot workers, and other employees who worked for First Student in Maryland. If more than one Class Period applies to a particular Class Member, the longer class period shall govern.

6. All members of the Settlement Class, ~~other than the individuals listed on Exhibit 1,~~ are bound by the terms of the Settlement Agreement. As of the Effective Date, all members of the Settlement Class, ~~other than the individuals listed on Exhibit 1,~~ shall conclusively be deemed to have released all settled claims as described in the Settlement Agreement, which provides: "Upon the final approval by the Court of this Settlement Agreement (and except as to such rights or claims as may be created by this Settlement Agreement) the Settlement Class, each Member of the Class, and the Plaintiffs fully release and discharge First Student Inc., its present and former subsidiaries, shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, successors and assigns from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the facts alleged in *Hoffman et al. v. First Student, Inc.*, Case No. 1:06-cv-01882-WDQ (D. Md.), including but not limited to all claims during the Class Period for the following: any claims for failure to pay minimum wages or overtime wages, or otherwise for failing to pay for all time worked, under the FLSA and applicable state law (including common law, statutes and regulations); any related retaliation claims; any claims for failures to keep or furnish proper employment records under the FLSA or under applicable state law; any claims for failure to make full and timely payment of wages under such laws; any claims related to any of the foregoing for liquidated or other damages or penalties; and any claims related to any of the foregoing for prejudgment interest and attorneys' fees and costs. This release does not extend to any claims a Plaintiff or Class Member may have to vested benefits pursuant to the terms of any First Student, Inc. employee benefit plan or under any

applicable workers' compensation laws."

7. As of the Effective Date, all members of the Settlement Class, ~~other than the individuals listed on Exhibit 1,~~ are hereby forever barred and enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by this settlement or barred by the entry of the judgment in this action.

8. Neither this Order nor any aspect of this settlement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. In particular, and without limiting the generality of the foregoing, nothing in this Order or in this settlement shall be offered or construed as an admission of, or evidence of, liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or its employees and agents. In addition, and also without limiting the generality of the foregoing, nothing about this Order or the settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Litigation or any other action for adversarial, rather than settlement, purposes.

9. The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorney fees to any party, other than as provided in the Settlement Agreement. The claims that are thereby dismissed shall include all claims encompassed by the release set out in the Settlement Agreement.

10. The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement and the rights of Class Counsel to seek attorney fees and costs from the Settlement Fund as provided in the Settlement Agreement. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter for purposes of resolving any disputes which may arise

under the Settlement Agreement.

DATED this 23rd day of March, 2010.

_____
Honorable William D. Quarles, Jr.
U.S. District Court Judge